

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEVE LYNCH | * | Civil Action No. 07-1278 |
| | * | |
| vs. | * | JUDGE: |
| | * | |
| GULF SOUTH PIPELINE CO., L.P.; | * | MAGISTRATE SECT.R MAG. 5 |
| BOARDWALK PIPELINE PARTNERS, | * | |
| A SUBSIDIARY OF GULF SOUTH | * | |
| PIPELINE; TEXAS GAS | * | |
| TRANSMISSION, L.L.C.; JOHN DOE | * | |
| I; JOHN DOE II; ABC CORPORATION, | * | |
| AND JOHN DOE | * | |

**************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Steve Lynch, a person of full age of majority, and respectfully represents:

I.

Made defendants herein are:

A.   Gulf South Pipeline Company, L.P., a foreign company, authorized to do and doing business in the State of Louisiana (hereinafter referred to as "Gulf South");

B.   Boardwalk Pipeline Partners, A Subsidiary of Gulf South Pipeline, a foreign partnership, authorized to do and doing business in the State of Louisiana (hereinafter referred as "Boardwalk");

___ Fee $350.
✓ Process___
X Dktd___
___ CtRmDep___
___ Doc. No___

  C. Texas Gas Transmission, L.L.C., a foreign corporation, authorized to do and doing business in the State of Louisiana (hereinafter referred to as "Texas Gas").

  D. ABC Corporation, a foreign corporation, or in the alternative a domestic corporation, authorized to do and doing business in the State of Louisiana.

  E. John Doe, a person of the full age of majority, domiciled in Louisiana or some other state.

  F. John Doe I and John Doe II, persons believed to have been employed by Gulf south and/or Boardwalk, and/or Texas Gas, and are citizens of the State of Louisiana and were operating the vessel in which plaintiff was situated.

II.

The above named Defendants are responsible and liable jointly, severely, solidarily, and vicariously to Petitioner because of the fault described hereinbelow:

III.

This action results from a maritime accident which occurred on the navigable waterways of the State of Louisiana, in the Parish of Plaquemines on or about March 13, 2006. This action is brought under the maritime law of the United States of America.

IV.

Petitioner, Steve Lynch, was a guest passenger on a boat owned by Gulf South, Boardwalk, and/or Texas Gas, and was being operated by employees of said companies, John Doe I and John Doe II, traveling on the navigable waterways of Louisiana. The boat struck or grounded upon a submerged object or sandbar owned by ABC Corporation, and/or John Doe.

V.

As a result of the above accident grounding, Petitioner, Steve Lynch, suffered, and continues to suffer multiple personal, psychological, and emotional injuries.

VI.

Petitioner, Steve Lynch, has undergone medical treatment since the accident, and will undergo further treatment. Petition was and still is limited from his normal activities as a result of the accident. His injuries have caused him pain, and physical suffering which continues.

VII.

Petitioner's injuries were directly and proximately caused by the negligent acts of, and/or omission on the part of Defendants, Gulf South, Boardwalk, Texas Gas, John Doe I, John Doe II, ABC Corporation, and John Doe, their agents, and/or employees, including but not limited to, the failure under the circumstances to provide Petitioner safe passage on their vessel, failure to navigate the vessel in a manner reasonable under the circumstances and failure to warn passengers, such as Petitioner, of dangerous or impending perils. The vessel in which Steve Lynch was a guest passenger was being operated at speeds and in a manner that was negligent under the circumstances because of the hazards of navigation in the area of the accident caused by Hurricane Katrina.

VIII.

Defendants, Gulf South, and/or Boardwalk and/or Texas Gas are guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or contributed to the accident of March 13, 2006, described hereinabove, and the injuries sustained by Plaintiff:

A. Negligently and carelessly failing to properly select, train, and/or supervise their employees to operate boats on a navigable waterways;

B. Negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for boats that are operated on the navigable waterways of the State of Louisiana under the circumstances that existed in the area where the grounding occurred;

C. Negligently and carelessly permitted, allowed, and/or failed to stop the boat operator from operating a boat in an unsafe condition;

D. Negligently and carelessly failed to provide periodic, systematic safety, and/or boat operating training for their boat operators;

E. Negligently entrusted their boat to an unsafe operator;

F. Any and all other negligence, and/or gross negligence in violations of rules, regulations, and statutes as may be shown at the trial of this matter.

IX.

Steve Lynch itemizes the damages to which he is entitled as a result of the accident and injuries proximately caused by the above described negligence of Gulf South, Boardwalk, Texas Gas, John Doe I, John Doe II, ABC Corporation, and John Doe as follows, to-wit:

A. Past physical pain, suffering and discomfort;

B. Past mental anguish, aggravation, and annoyance;

C. Disability;

D. Future physical pain, suffering and discomfort;

E. Future mental anguish, aggravation, and annoyance;

F.  Past medical expenses;

G.  Future medical expenses;

H.  Past lost wages;

I.  Future lost wages;

J.  Loss of enjoyment of life;

K.  Loss of use function of parts of body;

L.  Bodily disability;

M.  Impairment of psychological functioning;

N.  Disability from engaging in recreation.

X.

Petitioner strictly reserves the right to amend and supplement this Petition as necessary concerning damages.

XI.

Petitioner further specifically pleads the doctrine of *res ipsa loquitur* in that the accident and injuries and damages would not have occurred in the absence of the negligence of Gulf South, Boardwalk, Texas Gas, John Doe I, John Doe II, ABC Corporation, and/or John Doe and, through no fault of Petitioner who was not involved in any respect in the navigation of the vessel.

XII.

Gulf South, Boardwalk, Texas Gas, John Doe I, John Doe II, ABC Corporation, and John Doe are jointly, severely, solidarily, and vicariously liable and responsible to Petitioner for the negligence and damages set forth above.

WHEREFORE, Petitioner prays that Defendants be cited and served, and that after due proceedings are had, there be judgment in favor of Petitioner, Steve Lynch, and against the Defendants, Gulf South Pipeline Co., L.P.; Boardwalk Pipeline Partners, a Subsidiary of Gulf South Pipeline; Texas Gas Transmission, L.L.C.; John Doe I; John Doe II; ABC Corporation, and John Doe, jointly, severely and solidarily, and vicariously for such sums as are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings, and for all general and equitable relief, and that all expert witness fees be taxed as costs of the Court.

Respectfully submitted,

ADAMS, HOEFER, HOLWADEL
& ELDRIDGE, LLC

_____
D. RUSSELL HOLWADEL, T.A. (#16975)
DONALD R. KLOTZ, JR. (#20252)
601 Poydras Street, Suite 2490
New Orleans, Louisiana 70130
Telephone: (504) 581-2606
Facsimile: (504) 525-1488
**Attorneys for Plaintiff, Steve Lynch**